Romesh Chander KANDA, Petitioner—Appellant,

v.

Carl M. LARSON, Warden; et al., Respondents—Appellees.

No. 04–15461.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2006.

Decided March 17, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Donald M. Horgan, Dennis P. Riordan, Esq., Riordan & Horgan, San Francisco, CA, for Petitioner–Appellant.

Bruce Ortega, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: HALL, SILVERMAN, and GRABER, Circuit Judges.

## MEMORANDUM *

Petitioner Romesh Chander Kanda appeals the district court's denial of his petition for a writ of habeas corpus. We reverse and remand.

Before 2000 California state courts routinely instructed juries that voluntary manslaughter required an intent to kill. The jury in Kanda's trial was so instructed, and it convicted Kanda of second-degree murder. In June 2000 the California Supreme Court decided, in *People v. Lasko,* 23 Cal.4th 101, 96 Cal.Rptr.2d 441, 999 P.2d 666, 671 (2000), that the California statute on voluntary manslaughter did not require an intent to kill. In his habeas petition, Kanda argued that the faulty instruction relieved the prosecution of its constitutional burden under *Mullaney v. Wilbur,* 421 U.S. 684, 704, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), to disprove heat of passion in making a case for second-degree murder.

We agree. The faulty instruction, coupled with the fact that the prosecution made numerous references to the erroneous intent requirement, very likely led the jury to believe that, if it found Kanda had acted in the heat of passion but without an intent to kill, it had to convict him of second-degree murder. The erroneous instruction, combined with the closing argument, effectively relieved the prosecution of its burden of disproving heat of passion. Given the substantial evidence that Kanda had acted in the heat of passion immediately after having been severely beaten, a correct instruction that heat of passion negates malice, even if Kanda had lacked an intent to kill, likely would have led to a conviction for voluntary manslaughter. Thus, this error cannot be considered harmless under *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), which requires a showing that constitutional error resulted in prejudice in order to grant habeas.

**REVERSED and REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.